UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAWN HANSEN, ET AL., <br>     Plaintiffs, <br> v. <br> KATHLEEN E. DELANEY, ET AL., <br>     Defendants. | Case No.: 2:21-cv-00135-JAD-DJA <br><br> REPORT AND RECOMMENDATION |

    Pending before the Court is Defendants' Motion to Declare Plaintiffs Vexatious Litigants (ECF No. 18), filed on April 8, 2021. To date, no response has been filed. The Court finds this matter to be properly resolved without a hearing. LR 78-1.

**I.    BACKGROUND**

    Defendants seeks to deem Plaintiffs Christopher Hansen, Dawn Hansen, and Nicholas Hansen vexatious litigants and an order limiting their filings that are not procedurally proper and/or frivolous. They highlight that Plaintiffs have filed numerous and voluminous frivolous pleadings, including nine motions to disqualify judges in the underlying state court proceeding that led to this action. Due to Plaintiffs' actions, Defendants claim that the court's resources and their resources have been unnecessarily expended. Plaintiffs failed to submit a response, which "constitutes a consent to the granting of the motion." LR 7-2(d).

**II.    DISCUSSION**

    A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent

1

circumstances." *Id*. Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id*. (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. at 1059 (quoting *De Long*, 912 F.2d at 1147). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted). A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. (quotation omitted). Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id*. at 1056. The court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Williams v. Nat'l Default Servicing Corp.*, 2017 U.S. Dist. LEXIS 4111, at 12-14 (D. Nev. Jan. 10, 2017) (citing *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004)).

"No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Plaintiffs do not have a good faith motive in pursuing this frivolous litigation and they have abused the judicial process by filing a lawsuit that is likely to be dismissed. Further, Plaintiffs have filed nine motions to disqualify judges in the related state court proceeding, which has posed an unnecessary burden on court resources and are a vexatious abuse of the judicial process. Given those past actions, Plaintiffs are likely to continue their abuse of the judicial

process. Requiring Plaintiffs to seek leave prior to filing new documents in this case is narrowly tailored because they will still have access to this Court by requesting leave.

Moreover, Plaintiffs have been provided with reasonable notice and an opportunity to oppose the pre-filing restrictive order through the briefing process. They failed to submit any response, which constitutes consent to the granting of this Motion. However, they will be provided with one more opportunity to oppose the Court's recommendation via the objection process.

### III.   CONCLUSION

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendants' Motion to Declare Plaintiffs Vexatious Litigants (ECF No. 18) be **granted** and Plaintiffs be deemed **vexatious litigants**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs be required to seek leave of the Court before making any additional filings in this action while Defendants' Motion to Dismiss (ECF No. 15) is pending.

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: April 26, 2021.

_____
Daniel J. Albregts
United States Magistrate Judge